■ In the Matter of MAMIE JOHNSON, Respondent, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Appellants. — Appeal, by permission, from an order of the Supreme Court at Special Term (Cholakis, J.), entered March 12, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss and directed a nonjury trial of the factual issues raised. Petitioner, who had been employed as a mental

hygiene therapy aide at the Manhattan Developmental Center since November 20, 1965, submitted her resignation executed March 19, 1979 to be effective April 4, 1979, following periods of illness during which she was on sick leave at half pay from January 11, 1979 to April 4, 1979. On April 10, 1979, five days later, she filed an application for ordinary disability retirement benefits which was disapproved by respondent on October 4, 1979 on the ground she was not in service at the time of filing as required by section 62 of the Retirement and Social Security Law. Following a hearing, the application was again denied and this CPLR article 78 proceeding was commenced. Special Term declined to dismiss the petition on respondents' objections in point of law, holding that questions as to lack of jurisdiction, Statute of Limitations, the nature and extent of petitioner's illness and its effect upon her ability to make decisions concerning her resignation, were all issues requiring proof to be adduced upon a trial. Respondents have appealed. It is uncontroverted that service of the notice of petition and petition upon respondent were made by mailing one copy to one "Kelvin M. Berger, Esq., Counsel to the New York State Comptroller, Gov. Smith State Office Building, 6th floor, Albany, New York 12244", and that the Attorney-General was never served. Respondents asserted lack of jurisdiction in their answer and first objection in point of law, because of improper service, to which petitioner in her reply alleged that she merely followed instructions her attorney was given in a telephone call to respondents' New York City office. Special Term held, *inter alia,* that the objection to service of process was undeveloped upon this proceeding and required proof, and transferred the proceeding to Trial Term pursuant to CPLR 7804 (subd [h]). There must be a reversal. CPLR 403 (subd [c]) requires that a notice of petition shall be served in the same manner as a summons in an action. CPLR 308 provides the methods of effecting service of a summons, none of which include service by simply mailing it to a person to be served. Further, CPLR 7804 (subd [c]) requires that the notice of petition must also be served upon the Attorney-General. It is beyond cavil that the service herein solely by mailing a copy of the notice of petition and petition to an attorney believed to be employed as counsel to the New York State Comptroller, was insufficient to confer jurisdiction in this CPLR article 78 proceeding (*Matter of Jarvis v Coughlin,* 88 AD2d 1041; *Matter of Jadav v New York City Tr. Auth.,* 70 AD2d 853; *Matter of Greenwaldt v Judges of Albany County Ct.,* 60 AD2d 924; *Matter of Harlem Riv. Consumers Coop. v State Tax Comm.,* 44 AD2d 738, affd 37 NY2d 877). Although we are not unmindful of the tragic effect of dismissal of this proceeding without consideration of the merits of petitioner's contentions, we are precluded from such consideration by the lack of jurisdiction. Order reversed, on the law, without costs, and motion to dismiss petition granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.