**16**

Joseph MACALUSO Sr. and Ramfis Realty Corp., Plaintiff,

v.

The NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION; The New York State Department of Environmental Conservation, Henry G. Williams, Commissioner; Carol Ash, Regional Director; John Cryan, Regional Associate Environmental Analyst; Barbara Rinaldi, Regional Permit Administrator; Joseph Pane, Chief Fish and Wildlife Biologist; the New York City Department of Buildings; The New York City Department of Buildings, Philip Goldstein, Borough Superintendent (Staten Island), Defendants.

No. 86 CV 2373.

United States District Court, E.D. New York.

Dec. 10, 1986.

Thomas F. Gallo (Mitchell P. Newman, of counsel), Staten Island, N.Y., for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y. (Stuart Miller, Helene G. Goldberger, Asst. Attys. Gen., of counsel), Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of N.Y., Robin Binder, Asst. Corp. Counsel, for defendants.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this action brought pursuant to 42 U.S.C. § 1983, defendants move to dismiss the complaint or, in the alternative, to quash service of process, due to insufficient process and defective service of process. Fed.R.Civ.P. 12(b)(4), (5).[1] For the reasons discussed below, the Court quash-

---

1. Other grounds for dismissal are also raised, but will not be considered at this time.

es all attempts to serve process. Plaintiffs are granted twenty (20) days in which to effect proper service.

### Facts

In this case there are two groups of defendants: (1) the "State Defendants"—the New York State Department of Environmental Conservation ("DEC"), along with its officers: Henry G. Williams, Commissioner; Carol Ash, Regional Director; John Cryan, Regional Associate Environmental Analyst; Barbara Rinaldi, Regional Permit Administrator; and Joseph Pane, Chief Fish and Wildlife Biologist; and (2) the "City Defendants"—the New York City Department of Buildings ("NYCDB"); and Philip Goldstein, NYCDB Borough Superintendent, Staten Island.

Because each defendant contends that it was never properly served with sufficient process, a recitation of plaintiffs' attempts to effect service is in order. Plaintiffs filed their complaint with the court clerk on July 16, 1986. Prior to that date, on July 10, 1986, plaintiffs had served the DEC and the New York State Attorney General's Office with copies of the summons and complaint. On July 11, 1986, plaintiffs had served the NYCDB with a copy of the summons and complaint. There is no indication that any of the natural persons had been served. Since the complaint was not filed until after this service, copies of the summons contained neither the signature of the clerk nor the seal of the court.

On August 1, 1986, plaintiffs, perhaps sensing that this process might be deemed insufficient, attempted to re-serve the defendants. Plaintiffs mailed copies of the summons, which now contained the clerk's signature and the court's seal, to the DEC, the NYCDB, and all six of the natural persons named as defendants. Copies of the complaint were not enclosed in any of the mailings. State Defendants and City Defendants subsequently made these motions.

### Discussion

The requisites for sufficient process are established by Rule 4(a) and (b) of the Federal Rules of Civil Procedure.[2] Obviously, the process that plaintiffs attempted to serve on July 10 and 11 was insufficient because the summons was not issued by the clerk, and did not bear either the clerk's signature or the court's seal. *See* Fed.R.Civ.P. 4(a), (b).

 Plaintiffs urge the Court to grant leave to amend process pursuant to Fed.R. Civ.P. 4(h).[3] In general, amendments to process are freely given because courts do not wish to deny plaintiffs their day in court for failure to observe mere technicalities. *See, e.g., Great Plains Crop Management, Inc. v. Tryco Manufacturing Co.,* 554 F.Supp. 1025, 1028 (D.Mont. 1983) (plaintiff granted leave to amend summons in order to set out time for defendant to answer complaint); *Infotronics Corp. v. Varian Associates Corp.,* 45 F.R.D. 91, 92–94 (S.D.Tex.1968) (in absence

2. Rule 4(a), (b) reads:
 (a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants.
 (b) Same: Form. The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. When, under Rule 4(e), service is made pursuant to a statute or rule of court of a state, the summons, or notice, or order in lieu of summons shall correspond as nearly as may be to that required by the statute or rule.

3. Rule 4(h) reads:
 Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

of prejudice to the defendant, plaintiff allowed to amend complaint that had misnamed defendant). This Court, however, does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4. Accordingly, the Court declines to exercise its discretion to grant leave to amend process. *See Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1358 (S.D.N.Y. 1982).

Plaintiffs' service by mail on August 1, 1986 also did not meet Rule 4's standards. Process was sufficient under Fed.R.Civ.P. 4(a), (b) because the summons sent on that date was signed and sealed. Service of process, however, was defective.

■ Service of process upon the DEC and NYCBD is governed by Rule 4(d)(6) of the Federal Rules of Civil Procedure.[4] Rule 4 establishes as a prerequisite to proper service that the "summons and complaint shall be served together." Fed.R. Civ.P. 4(d). Here, because plaintiffs failed to include the complaint with the summons that was mailed on August 1, service on the DEC and NYCDB was improper.

Plaintiffs argue that service was proper under New York State law, which is authorized by Rule 4(d)(6). This argument fails for two reasons. First, as noted before, plaintiffs failed to meet Rule 4(d)'s threshold requirement that the summons and complaint be served together. Second, plaintiffs' service failed to meet the requirements of New York State law itself. Service on the DEC is governed by N.Y.C. P.L.R. § 7804(c) (McKinney Supp.1986), which requires service on both the DEC and the Attorney General's Office. *See id.; Quogue Associates v. New York State Department of Environmental Conservation,* 112 A.D.2d 999, 492 N.Y.S.2d 808, 809 (2d Dep't 1985). Plaintiffs' attempted service on August 1 was improper because they did not serve the New York State Attorney General's Office.

Service on the NYCBD is governed by N.Y.C.P.L.R. § 311(2) (McKinney Supp. 1986), which states:

> Personal service upon a corporation or governmental subdivision shall be made by delivering the summons.... upon the city of New York, to the corporation counsel or to any person designated by him to receive process in a writing filed in the office of the clerk of New York county.

The August 1 service on the NYCBD was defective because process was mailed, not delivered personally, as section 311(2) requires.

■ Service of process upon natural persons is governed by Fed.R.Civ.P. 4(c), (d).[5]

---

**4.** Rule 4(d)(6) reads:

(d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

....

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

**5.** Rule 4(c)(2)(C) and (d)(1) reads, in relevant part:

(c) Service.
....
(2) ...
....
(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—
(i) pursuant to the law of the state in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or
(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after

Plainly, service on the six natural persons named as defendants did not meet the requirements of Rule 4(d)(1) because the August 1 service was a mailing, not a personal delivery. Service also failed under Rule 4(c)(2)(C)(ii) because the mailing included only the summons, not the complaint. In addition, the mailing did not constitute proper service under New York State law, application of which is authorized by Rule 4(c)(2)(C)(i). In New York, personal service upon natural persons is governed by N.Y. C.P.L.R. § 308 (McKinney Supp.1986).[6] Section 308 does not authorize a mailing unaccompanied by any other form of service. *See Johnson v. New York State Employees' Retirement System*, 90 A.D.2d 573, 574, 456 N.Y.S.2d 436, 437 (3d Dep't 1982). Because plaintiffs attempted to effect such a mailing in this case, service did not satisfy section 308's requirements.

A primary purpose of the Federal Rules of Civil Procedure is to promote the ends of justice by granting litigants their day in court. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 386 (2d Cir.1968). There is no reason, however, to countenance repeated failures to observe the clear and concise dictates of a Federal Rule. Plaintiffs have set forth no reason to explain, and the Court sees no justification for, plaintiffs' inability to properly serve sufficient process under Rule 4 of the Federal Rules of Civil Procedure. For this reason, the service of improper process on July 10 and 11 is quashed, and the attempted service-by-mail on August 1 is quashed. Plaintiffs are granted twenty (20) days from the date of this Order in which to effectuate proper service. Because the

the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

....

(d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

6. Section 308 reads:

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence; proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; ser-

vice shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his last known residence; proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

Court believes that "there is a reasonable prospect that plaintiff[s] ultimately will be able to serve defendants properly," *Gipson v. Township of Bass River,* 82 F.R.D. 122, 126 (D.N.J.1979), the Court will retain this case, and will consider the other grounds raised in the motions to dismiss once service has been made.

SO ORDERED.