UNITED STATES of America, Plaintiff,

v.

### NATIONAL MUFFLER MANUFACTURING, INC., Defendant.

No. C86–1424.

United States District Court, N.D. Ohio, E.D.

April 20, 1989.

Steven D. Bell, Mary Lee Pilla, Asst. U.S. Attys., Cleveland, Ohio, F. Henry Habicht, II, Asst. Atty. Gen., Land & Natural Resources Div., Dept. of Justice, for plaintiff.

David T. Musselman, Charles F. Clarke, Thomas Larson, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## ORDER

LAMBROS, District Judge.

This matter is before the Court on defendant's motion to dismiss the complaint. Plaintiff opposes the motion.

By its motion, defendant National Muffler Manufacturing Company, Inc. (National Muffler) moves to dismiss the complaint, or, in the alternative, to quash service of process on grounds that the form of process was insufficient because the summons was materially defective and did not conform to the Federal Rules of Civil Procedure.[1] First, defendant contends that the summons failed to conform to the requirements of Rule 4(b) because it lacked the signature of the Clerk of Court and the seal of the court. Rule 4(b) provides, in part, that "the summons shall be signed by the clerk, [and] be under the seal of the court."

In response, plaintiff concedes that defendant received an unsigned and unsealed copy of the summons and a copy of the

---

1. Defendant also urges the Court to dismiss the complaint of the United States on grounds that: (a) there was insufficiency of service of process because service "was not accomplished in accordance with the applicable" rules of civil procedure; (b) venue is improper since the "claim arose out of alleged actions by a Georgia defendant that did not occur in Ohio; (c) this Court lacks personal jurisdiction over the defendant "pursuant to the Ohio long arm statute and Constitutional due process requirements." The Court will not consider these issues at this time.

complaint. The government argues, however, that the original summons was in fact signed by the clerk and sealed, yet it was retained by plaintiff until return of service was effected. Upon receipt of service, plaintiff returned the original summons to the clerk's office. The government contends that this procedure satisfies the requirements of Rule 4(b).

■ It is apparent to this Court that the content of the summons issued to defendant did not conform to the requirements of Rule 4(b). Although the original summons was duly signed by the Clerk and sealed by the Court, the summons received by defendant bore neither indicia of authenticity.[2]

■ Mindful that plaintiffs should not be denied their day in court because of a technical oversight, the courts tend to liberally grant amendments to cure defective process. *See Macaluso v. New York State Department of Environmental Conservation*, 115 F.R.D. 16, 17 (E.D.N.Y.1986); *Great Plains Crop Management, Inc. v. Tryco Manufacturing Co.*, 554 F.Supp. 1025, 1028 (D.Mont.1983); *e.g. Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966). Defects in the form of process or service of process that are harmless to a defendant are amendable *nunc pro tunc*. Fed.R. Civ.P. 4(h)[3]. Minor flaws, such as the absence of an impressed seal on a photographic copy of the summons, are not considered fatal to process. *Kramer v. Scientific Control Corp.*, 365 F.Supp. 780, 788 (E.D.Pa.1973). Defects, however, that result in prejudice to defendant or reflect a party's disregard for the requirements of the federal rules are generally not considered curable by amendment. *See Macaluso v. New York State Department of Environmental Conservation*, 115 F.R.D. at 18; *Gianna Enterprises v. Miss World*

*(Jersey), Ltd.*, 551 F.Supp. 1348 (S.D.N.Y. 1982); *United Food & Commercial Workers Union v. Alpha Beta*, 550 F.Supp. 1251, 1255 (N.D.Cal.1982).

■ Plaintiff's failure to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight that warrants perfunctory amendment. The provisions of Rule 4(b) are designed to assure a defendant that the summons was issued by the clerk of court and not by plaintiff or plaintiff's attorney. *Kramer v. Scientific Control Corp.*, 365 F.Supp. 780, 788 (E.D.Pa.1973). As the district court in *Gianna Enterprises* commented:

> The very existence of Rule 4(b) counsels that a defendant should not be made to answer a summons and complaint without first being given proper notice of the nature of the suit and being assured that the summons properly issues from a court.

551 F.Supp. at 1358. Here, the government provided defendant with notice of the suit but without any assurance of the summon's validity. In light of the government's apparent disregard for the requirements of Rule 4, this Court declines to amend the summons *nunc pro tunc* to conform to the Federal Rules of Civil Procedure.

■ Defendant further contends that process was insufficient because "the summons specified the wrong period of time within which to respond to the complaint." Defendant argues that because plaintiff utilized the Ohio rules permitting out-of-state service via certified mail, plaintiff was obliged to follow the state's other provisions governing process. Defendant notes that the Ohio Rules of Civil Procedure allow a defendant twenty-eight days in which to answer, yet the summons served by plaintiff called on defendant to respond within twenty days. This discrep-

---

**2.** Rule 4(B) of the Ohio Rules of Civil Procedure imposes requirements regarding the form of the summons virtually identical to those of the Federal Rules of Civil Procedure. Consequently, this Court finds no reason to engage in a separate analysis concerning plaintiff's adherence to the Ohio rules.

**3.** (h) Amendment. At any time in its discretion and upon such terms as it deems just the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

ancy, defendant claims, was prejudicial because it prompted this Court to enter a default judgment against defendant.

This Court agrees that plaintiff incorrectly specified in the summons the time for return service. Generally, the effective range of service of process is limited to the territory of the state in which the district court is held unless a statute of the United States, or the rules, authorize service beyond the boundaries of the state. Fed.R. Civ.P. 4(f). In instances where a federal statute is silent concerning the manner of service of summons upon a party not an inhabitant of or found within the state, a plaintiff may utilize the statute or rule of the state which provides for such service. Fed.R.Civ.P. 4(e).

Because the Clean Air Act, 42 U.S.C. § 7522, on which this cause is based, contains no provision for extraterritorial service, the government borrowed a method of service endorsed by the Ohio rules. Specifically, the government utilized Ohio R.Civ. P. 4.3(B)(1) allowing service of process to be accomplished outside the state by certified mail. When service is made out-of-state pursuant to the rules of the state, these rules also dictate the amount of time within which the defendant must respond to the summons and complaint. Fed.R. Civ.P. 12(a); *see also Fountain Valley Corp. v. Wells*, 98 F.R.D. 679 (D.V.I.1983); *Torres v. Torres*, 2 Fed.Rules Serv.3d 340, n. 1 (E.D.N.Y.1985). Under the Ohio rules of procedure, a defendant is required to serve an answer within twenty-eight days of receipt of the summons and complaint. Ohio R.Civ.P. 12(A)(1). Thus, the summons served by plaintiff inaccurately stated the time for return service.

■ Several courts have embraced the view that a summons "specifying an incorrect time for the submission of an answer normally should be deemed cured by defendant's responding to it and filing an answer." *Fountain Valley Corp. v. Wells*, 98 F.R.D. at 686 (D.V.I.1983) *citing*, 4 C. Wright & Miller, Federal Practice and Procedure § 1088 (1969); *See also United Food and Commercial Workers Union v. Alpha Beta Co.*, 550 F.Supp. 1251, 1255 (N.D.Cal.1982); *A.C. Samford, Inc. v. U.S.*,

226 F.Supp. 72 (M.D.Ga.1963). This standard appears to have been derived from the premise that the function of Rule 4 is to provide notice of the commencement of an action. *See generally, FTC v. Compaignie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 (D.C.Cir.1980). In the present case, although defendant did not file an answer to the complaint, it filed a motion for an extension of time in which to answer. By this motion, defendant effectively confirmed its awareness of the action brought against it.

■ Defendant claims that it suffered prejudice as a result of the erroneous information provided in the summons.

> ... because as a result of the Government's wrong calculation, default judgment was applied for and granted. Although the judgment was vacated, defendant nonetheless incurred a significant expense in opposing the judgment.

*See* Defendant National Muffler Manufacturing Company, Inc.'s Motion to Dismiss the Complaint, at 5, n. 2. This Court, however, does not find that defendant suffered sufficient prejudice as a result of this error to merit dismissal of this action.

Defendant's reliance on the answering time represented in the summons was clearly minimal. Filing no response to the complaint within the designated twenty day period, defendant, after twenty-four days, eventually moved for additional time to file an answer to the complaint. Since no attempt was made to answer within the abbreviated timeframe, defendant could not have suffered harm on this basis alone. Defendant did, however, incur some expense as a result of its efforts challenging the default judgment entered by this Court. Nonetheless, this Court does not view these additional costs of defense arising out of the default judgment as justification for the dismissal of this action.

Although the Federal Rules of Civil Procedure set forth in vivid detail the requirements of process, the government, for reasons unknown to the Court, has repeatedly failed to adhere to the rule's simple directives. This Court believes, as did the district court in *Macaluso*, that "[t]here is no reason ... to countenance repeated fail-

ures to observe the clear and concise dictates of a Federal Rule." 115 F.R.D. at 19. Accordingly, the process served on defendant is quashed. Plaintiff is granted twenty (20) days in which to effectuate proper service. Since there appears to be "a reasonable prospect that plaintiff ultimately will be able to serve defendants properly," *Gipson v. Township of Bass River*, 82 F.R.D. 122, 126 (D.N.J.1979), this Court will retain this case and will review defendant's other claims raised in the motion to dismiss once service has been made.

IT IS SO ORDERED.