Sheldon H. WEAVER, in his capacity as stockholder of Advanced Materials Re–Manufacturing, Inc., and Reclaim Properties Ltd., Plaintiff,

v.

The STATE OF NEW YORK, Its Court Administration, Its Agent Hon. Larry M. Himelein and the State of New York and Michael Zagata, Commissioner of the New York State Department of Environmental Conservation, and the State of New York, Its Attorney General, Dennis C. Vacco, Its Agent Assistant Attorney General Linda E. White, Defendants.

No. 97–CV–7775.

United States District Court, W.D. New York.

Feb. 23, 1998.

Sheldon H. Weaver, Cheektowaga, NY, pro se.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This action involves the plaintiffs' ability to make certain uses of real property located at 11279 Maple Grove Road in the Town of Freedom, Cattaraugus County, New York. Before the Court are motions by the plaintiff for default judgment and injunctive relief.

By an Order dated August 22, 1989, the Honorable John T. Elfvin, United States District Judge, required the plaintiff Sheldon H. Weaver to seek leave of Court prior to commencing any further actions in this Court. By Order dated October 6, 1997, Judge Elfvin granted permission for the plaintiff to commence this action.

On October 6, 1997, the plaintiff filed a complaint. The named plaintiffs were Advanced Materials Re–Manufacturing, Inc., Reclaim Properties, Ltd., Sheldon H. Weaver, 50% stockholder of both corporations and individually, and John or Jane Doe. These plaintiffs were not represented by an attorney. Mr. Weaver was attempting to appear pro se on behalf of all the plaintiffs. On October 14, 1997, the plaintiff filed three returns of service with the court, which stated only that a summons and complaint had been mailed; it is not clear from the returns where they were sent or to whom they were sent. In an affidavit from Lawrence E. Rutkowski dated January 20, 1998, submitted by the plaintiff, Mr. Rutkowski states that he mailed all three summonses and complaints referred to above in one envelope to the NYS Attorney General's Office in Buffalo. Again on October 27, 1997, the plaintiff filed three more returns of service, two of which stated that a summons had been mailed, one of which stated only that "All defendants have been served at least once." In his affidavit dated January 20, 1998, Mr. Rutkowski

states that on October 20, 1997, he mailed summonses and complaints to "Dennis C. Vacco, NYS Attorney General and John Cahill, Commissioner of the NYSDEC, Albany." There is no indication that the plaintiff requested the defendants waive service pursuant to Fed.R.Civ.P. 4(d), and no waivers of service have ever been filed. There is also no indication that the plaintiff provided the defendants with a statement of service by mail and acknowledgment of receipt pursuant to New York C.P.L.R. § 312–a, and no acknowledgment of receipt has been filed with the Court. In his affidavit, Mr. Rutkowski further stated: "At no time did I personally serve any Summons at the New York State Attorney General's Office located at 107 Delaware Avenue, Buffalo, New York 14202."

On October 20, 1997, Mr. Weaver filed an ex parte application seeking a temporary restraining order. By Order dated November 4, 1997, Judge William M. Skretny denied the plaintiff's application for a temporary restraining order. In that Order, Judge Skretny specifically advised the plaintiff that a corporation must be represented by an attorney admitted to practice before the Court, citing *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (2d Cir.1991). Moreover, the Court noted that the plaintiff had failed to comply with FED. R. CIV. P. 65(b)(2). The motion was denied without prejudice to renew, and the Court set a deadline of December 15, 1997 for the plaintiff to correct the deficiencies referred to above. In that Order, Judge Skretny warned the plaintiff that his action would be dismissed without prejudice if he failed to correct the aforementioned deficiencies

On November 10, 1997, the plaintiff filed an amended complaint. In the caption of the amended complaint, instead of listing the corporations as plaintiffs, Mr. Weaver listed himself as plaintiff in his individual capacity, and in his capacity as shareholder, officer and creditor of the corporations. On November 19, 1997, the plaintiff filed two motions, one seeking "injunction relief" and the other seeking declaratory relief. By an Order dated November 26, 1997, Judge Skretny denied the motions for injunctive and declaratory relief. The Order discussed the fact that

Advanced Materials Re–Manufacturing Inc. and Reclaim Properties, Ltd., were necessary parties to the action, and that Mr. Weaver had failed to join them in his amended complaint. Moreover, the Court noted that Mr. Weaver had not served copies of his motion on all the defendants, had not complied with FED. R. CIV. P. 65, and had not retained an attorney to represent the corporations. The Court gave Mr. Weaver until December 29, 1997, to correct these deficiencies and explained again that if the deficiencies were not corrected that the case would be dismissed without prejudice.

On December 4, 1997, Mr. Weaver filed a third amended complaint which listed himself as the sole plaintiff, "in his capacity as Stockholder of Advanced Materials Re–Manufacturing, Inc., and Reclaim Properties, Ltd." The plaintiff filed a "proof of service" by a Lawrence E. Rutkowski, which stated that he had served three copies of the third amended complaint upon Guy Giancarlo at 107 Delaware Avenue, Buffalo, N.Y. 14202, and that he had mailed copies of the .complaint to the defendants.

By Order dated December 15, 1997, this case was transferred to me from Judge Skretny.

On January 8, 1998, the plaintiff moved for default judgment and for injunctive relief. On January 15, 1998, Assistant New York State Attorney General Peter B. Sullivan filed a declaration, making a limited appearance for the sole purpose of contesting personal jurisdiction over the defendants. This matter came before the Court for oral argument on January 22, 1998. The plaintiff appeared pro se. Assistant New York State Attorney General Carlos Rodriguez appeared for the defendants. The Court has considered the papers submitted as well as the arguments made by both sides. For the reasons that follow, the plaintiff's motions for default judgment and injunctive relief are denied and his action is dismissed in its entirety, without prejudice.

## LACK OF PERSONAL JURISDICTION

The Court finds that the plaintiff has not properly obtained personal jurisdiction over any of the defendants.

FED. R. CIV. P. 4(c)(1) states that "[a] summons shall be served together with a copy of the complaint." Federal Rule 4(d) allows a plaintiff to request that a defendant waive service of a the summons. However, to comply with 4(d), the plaintiff must mail the complaint to the defendant along with a notice of the commencement of the action and a request for waiver of service, in the form required. Of course, the defendant must then actually waive service in order for the plaintiff to be relieved of having to serve the summons. If instead the plaintiff chooses to actually serve the defendants, he must comply with the provisions for service in FED. R. CIV. P. 4. For service upon an individual, the plaintiff must serve the summons and complaint pursuant to New York State law or personally serve the defendant under FED. R. CIV. P. 4(e)(2). For service upon a state, municipal corporation or other governmental organization, the plaintiff must· either serve the summons and complaint upon the chief executive officer or serve the summons and complaint pursuant to New York State law. FED. R. CIV. P. 4(j)(2). Mr. Weaver has not complied with any of the of the foregoing requirements.

From the papers that he submitted and from his oral argument, it appears Mr. Weaver was under· the mistaken belief that merely mailing a summons and complaint constitutes proper service. Mr. Weaver states that he believes he has complied with New York C.P.L.R. § 312–a simply because he mailed a summons and complaint by certified mail with return receipt requested. Clearly, however, merely mailing a summons and complaint in this manner does not constitute service under New York C.P.L.R. § 312–a. Mr. Weaver apparently failed to understand that service by mail under C.P.L.R. § 312–a is only effective when used in conjunction with a statement of service by mail and acknowledgment of receipt. Similarly, Mr. Weaver failed to comply with ·FED. R. CIV. P. 4(d), because he did not provide the defendants with the required notice and request for waiver of service, and the defendants did not waive service. Moreover, when Mr. Weaver did personally deliver a copy of

his complaint to the Attorney General's Office, he did not serve a copy of the summons.

The Court finds that the plaintiff, Mr. Weaver, has completely disregarded the requirements of Rule 4. "Under certain circumstances, courts may liberally construe Rule 4 to otherwise recognize service of process, even if defendant is not served precisely according to the provisions of Rule 4." 1 James Wm. Moore Et Al, Moore's Federal Practice ¶ 4.03[3][b] (3d. ed.1997). However, courts also have discretion to distinguish between mere technical errors and a complete disregard for Rule 4. *Id.; see also Macaluso v. New York State Dept. Of Environmental Conservation,* 115 F.R.D. 16, 17–18 (E.D.N.Y.1986). The Court finds that Mr. Weaver's attempts at service fall into the latter category, and accordingly, the Court finds that it does not have personal jurisdiction over the defendants.

## FAILURE TO RETAIN AN ATTORNEY

It is clear that an individual may appear in the federal courts only pro se or through counsel. 28 U.S.C.A. § 1654 (West 1997). However, while a non-attorney layperson has the right to proceed pro se, a layperson may not proceed pro se on behalf of another person or entity. *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997). More specific to this case, a layperson may not represent a corporation; corporations must be represented by an attorney. *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir.1991). It is also well established that a layperson may not appear pro se to pursue a shareholder's derivative suit. *See Phillips v. Tobin,* 548 F.2d 408, 411 (2d Cir.1976).

Judge Skretny, in his orders dated November 4, 1997 and November 26, 1998, specifically advised Mr. Weaver that he could not, as a pro se litigant, file papers on behalf of another party. Moreover, Judge Skretny advised Mr. Weaver that a corporation must be represented by an attorney. Mr. Weaver has stated both that he could not find an attorney to represent him, and that he had no funds to hire an attorney. Instead of hiring an attorney, Mr. Weaver has tried to find ways to change the caption of this action to make it appear that the corporations involved are not parties. However, the fact remains that he has not complied with either of Judge Skretny's orders, despite the fact that he was warned twice that his failure to do so would result in this action being dismissed.

Accordingly, plaintiff's motions for default judgment [15–1] and injunctive relief [15–2] are hereby denied and the plaintiff's action is dismissed in its entirety, without prejudice.

So ordered.