### Larry SOOS, Plaintiff,

v.

### NIAGARA COUNTY, and the Niagara County Board of Elections, Nancy Smith, in her Capacity as Commissioner of the Niagara County Board of Elections, Mary Ann Casamento, in her capacity as Commissioner of The Niagara County Board of Elections, Nicholas Forester, personally, and in his capacity as Chair of the Niagara County Democratic Committee and Niagara County Democratic Committee, Defendants.

#### 1:15-CV-00870 EAW

United States District Court, W.D. New York.

Signed 07/01/2016

---

Frank T. Housh, Buffalo, NY, for Plaintiff.

Melinda G. Disare, Riane F. Lafferty, Bond, Schoeneck & King, PLLC, Buffalo, NY, for Defendants.

### DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

Plaintiff Larry Soos ("Plaintiff") attempts to bring a 42 U.S.C. § 1983 action against his former employer, the Niagara County Board of Elections (the "Board"); two former commissioners of the Board, Nancy Smith and Mary Ann Casamento; Niagara County; the Niagara County Democratic Committee (the "Committee"); and Nicholas Forester, the Committee's current chair (collectively "Defendants") for violating his First Amendment right to free speech. Plaintiff has failed in a number of ways to effect proper service. The summonses served were not only untimely, but also were deficient in content. Additionally, one Defendant, Nancy Smith, has yet to be served at all, properly or improperly. Citing the above flaws, Defendants Niagara County, the Board, Nancy Smith and Mary Ann Casamento ("Moving Defendants") have moved to dismiss the action. The Court, in its discretion, denies the motion to dismiss and grants Plaintiff an additional thirty (30) days to effect proper service upon Defendants for the reasons set forth below.

### FACTUAL BACKGROUND

On September 30, 2015, just two days before the statute of limitations was set to expire, Plaintiff filed his complaint alleging a violation of 42 U.S.C. § 1983, occurring on October 2, 2012, against Defendants. (Dkt. 1).

Plaintiff did not file proof of service with the Court, as required by Federal Rule of Civil Procedure 4(*l*)(1) and Local Rule of Civil Procedure 4, until he filed his response to the instant motion, attaching the proof of service affidavits as exhibits. (Dkt. 11-2 through 11-6). Plaintiff's proof of service indicates that Defendants Niagara County and the Board were served on February 2, 2016. (Dkt. 11-5; Dkt. 11-6). Moving Defendants' exhibits to their motion to dismiss corroborate that date. (Dkt. 3-1 at ¶ 7; Dkt. 3-2; Dkt. 3-3). Plaintiff's affidavits further represent that Mary Ann Casamento was also served on February 2, 2016 (Dkt. 11-3), though Defendants indicate that, upon information and belief, service on Casamento occurred on February 3, 2016. (Dkt. 3-1 at ¶ 8; Dkt. 3-4). Service on Niagara County and the Board, thus, occurred 125 days after Plaintiff filed his complaint, and service on Casamento occurred at most 126 days after Plaintiff filed his complaint. All three of the above summonses were served without the Clerk of the Court's signature, and without the Court's seal, as required by Federal Rule

of Civil Procedure 4(a)(1)(F)–(G). (Dkt. 3-2 through 3-4). The parties do not dispute that Nancy Smith has not yet been served. (Dkt. 3-1 at ¶ 9; Dkt. 3-5 at 3; Dkt. 11 at ¶ 6; Dkt. 11-1 at 5).

On February 23, 2016, Moving Defendants filed the instant motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). (Dkt. 3; Dkt. 3-5).

## DISCUSSION

### I. Standard of Review

#### A. Rule 12(b)(2)—Lack of Personal Jurisdiction

 "The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. ... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' " *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946)), *superseded by statute on other grounds*, Futures Trading Practices Act of 1992 § 211, Pub. L. No. 102-546, 106 Stat. 3590 (1992). "On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Lit.*, 334 F.3d 204, 206 (2d Cir.2003). "Prior to discovery, a plaintiff may survive a Rule 12(b)(2) motion to dismiss by pleading in good faith legally sufficient allegations of jurisdiction." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352 (N.D.N.Y.2014) (citing *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996)). "That is, where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant." *Id.* (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986)).

#### B. Rule 12(b)(4) & (5)—Insufficient Process and Insufficient Service of Process

██ "Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *DiFiilippo*, 299 F.R.D. at 352–53 (citation omitted). "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b)[1] or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Jackson v. City of N.Y.*, No. 14–CV–5755 (GBD)(KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)).

---

1. Federal Rule of Civil Procedure 4(b) states: **Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

 "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Id.* (quoting Wright & Miller, *supra*, § 1353). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y.2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y.2003) (citation omitted).

## II. Deficiencies in Service

### A. Insufficient Process

 The Federal Rules of Civil Procedure (the "Federal Rules") provide a list of the content that a summons must contain. That list includes the signature of the clerk and the Court's seal. *See* Fed. R. Civ. P. 4(a)(1)(F)–(G). "Although minor or technical defects in a summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for the rule do." *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y.2005). Courts in the Second Circuit appear to be split as to whether serving an unsealed, unsigned summons constitutes flagrant disregard for the rule. *Compare Macaluso v. N.Y. State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y.1986) ("This Court ... does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4. Accordingly, the Court declines to exercise its discretion to grant leave to amend process."), *and Bd. of Educ. of Smithtown Cent. Sch. Dist. v. Factor*, No. 88 CV 2760, 1989 WL 47707, at *2 (E.D.N.Y. Apr. 27, 1989) ("Service of an unsigned and unsealed summons is not a harmless error that can be cured *nunc pro tunc* pursuant to Rule 4(h).[2]"), *with Douglass v. Fletcher Allen Health Care, Inc.*, No. 1:04–CV–256, 2005 WL 1114357, at *1 (D.Vt. May 5, 2005) ("An unsigned, unsealed summons 'goes to form rather than substance ...' and '[a]mendments are liberally allowed as courts should not deny a plaintiff her day in court due to technical imperfections in service.'") (quoting *Durant v. Traditional Invs., Ltd.*, No. 88 Civ. 9048 (PKL), 1990 WL 33611, at *4, 1990 U.S. Dist. LEXIS 3074, at *9–10 (S.D.N.Y. Mar. 22, 1990)) (alterations in original), *and Krieger v. Am. Express Fin. Advisors*, No. 98–CV–0782E, 2000 WL 207119, at *4 (W.D.N.Y. Feb. 16, 2000) (distinguishing the facts of the case from those in *Macaluso*, holding, "given the unique circumstances of a then-*pro se* plaintiff and the granting of the *nunc pro tunc* motion, this Court regards the absence of the Clerk's signature and the Court's seal as mere technical defects"); *see also DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 65–66 (S.D.N.Y. 2010) (collecting cases).

Here, despite the Court Clerk's issuance of proper summonses as to all Defendants

---

**2.** Fed. R. Civ. P. 4(h) then stated, "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." *See Krieger v. Am. Express Fin. Advisors*, No. 98–CV–0782E, 2000 WL 207119, at *4 n. 4 (W.D.N.Y. Feb. 16, 2000). Fed. R. Civ. P. 4(a)(2) currently provides, "[t]he court may permit a summons to be amended," which "replaces the rarely used former subdivision 4(h)." Fed R. Civ. P. 4(a) advisory committee's note to 1993 amendment.

on October 1, 2015, containing *both* the signature of the Clerk and the Court's seal (Dkt. 2), Plaintiff served unsealed, unsigned summonses four months later on Moving Defendants, save Nancy Smith. (Dkt. 3-2 through 3-4; Dkt. 11-3; Dkt. 11-5 through 11-6). The Court can only assume that Plaintiff's attorney printed the summonses himself and had them served without giving any occasion to the clear mandate of Fed. R. Civ. P. 4(a)(1)(F)–(G).

Despite the above, the Court will follow the course taken in *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d at 65-66, in declining to resolve whether the unsealed, unsigned summonses in the instant case amount to a technical error or a flagrant disregard of Rule 4, and choosing, instead, to grant further time to serve under the discretion created by Rule 4(m), as discussed below. *See also Macaluso*, 115 F.R.D. at 19–20 (granting the plaintiffs 20 days to effect proper service, despite finding that an unsealed, unsigned summons was complete disregard of the requirements of process, among other defects, because the court believed that "there [was] a reasonable prospect that [the plaintiffs] ultimately [would] be able to serve [the] defendants properly") (citation omitted).

### B. Insufficient Service of Process
#### 1. 120 Days v. 90 Days for Service

The Federal Rules provide a timeframe during which the summons and complaint must be served on a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Notably, the timeframe reflected above came into effect on December 1, 2015, approximately two months after Plaintiff filed his complaint. The amendment changed the rule from allowing 120 days for service to allowing only 90 days. As Moving Defendants highlight, the purpose of this amendment was to "reduce delay at the beginning of litigation." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.

Moving Defendants ask this Court to determine that the newly enacted 90-day limit should apply retroactively in this case as allowed by the Supreme Court's April 29 Order accompanying the amendment's transmittal to Congress in cases where retroactive application would be "just and practicable." Supreme Court Order Apr. 29, 2015. In support of this request, Moving Defendants argue that the amendment's purpose of reducing delay at the beginning of litigation speaks to the justice and practicability of such a retroactive application here, where delay was present in every step of Plaintiff's action. However, "[a] primary purpose of the Federal Rules of Civil Procedure is to promote the ends of justice by granting litigants their day in court." *Macaluso*, 115 F.R.D. at 19 (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966)); *see also Morales v. Robert Fleming, Inc.*, No. 89 Civ. 2106, 1989 WL 303516, at *3 (S.D.N.Y. Oct. 30, 1989) (quoting *Macaluso*, 115 F.R.D. at 19)). Thus, the Court determines that, despite the amendment's goal of reducing delay, justice requires the application of the 120-day limit that was in place at the time Plaintiff filed his complaint because such a construction ensures the broadest opportunity for Plaintiff to have his day in court.[3]

---

**3.** The Court has found contradictory federal case law as to a bright-line rule for the retro-

### 2. Plaintiff's Service was Untimely

Regardless of the Court's liberal construction of Federal Rule 4(m) as allowing Plaintiff 120 days to serve the complaint and summons, Plaintiff's service was untimely. Even under the 120-day regime, Moving Defendants were served five to six days after the time do so had expired. As excerpted above, Fed. R. Civ. P. 4(m) instructs courts to dismiss an action in which service was made untimely without prejudice or order that service be made within a certain amount of time, thereby granting the court a degree of discretion. *See* Fed. R. Civ. P. 4(m). However, if the court finds that Plaintiff has shown good cause for the failure of timely service, the court *must* grant an extension of time to effect service. *Id.* The Court must, therefore, analyze whether good cause has been shown.

### C. Plaintiff has Failed to Show Good Cause

"Good cause ... is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y.2003). Further, "[a]n attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute

good cause." *Id.* Factors courts consider in determining whether good cause exists include: "1) whether the party exhibited reasonable diligence or made a reasonable effort to effect service, and 2) whether there is any prejudice to the defendants as a result of the delay." *Id.*

Plaintiff attempts to argue good cause in two ways. The Court perceives the first argument to be that, because Plaintiff's attorney sent a letter attempting to engage one Defendant, albeit a non-Moving Defendant, in settlement negotiations in January 2015 *before* the filing of the complaint in September 2015, this should somehow excuse late service *after* the complaint was filed. (Dkt. 11-1 at 2). Plaintiff states in his brief, "when it became apparent that no response was forthcoming, plaintiff made arrangements to have service accomplished within the 120 day period. ..." (Dkt. 11-1 at 2). This argument is senseless—the fact that no response was forthcoming would have been already obvious by the time that the complaint was filed, over nine months after the settlement letter was sent. The filing of the complaint is the event triggering the 120-day period, and Plaintiff could not have reasonably been still waiting in Sep-

---

activity of amendments to the Federal Rules, but the collective spirit of the case law compels this outcome. *Compare Taylor v. Milly's Pizzeria Inc.*, No. 15 CV 4366 (KAM)(LB), 2016 WL 2991090, at *1 n. 1 (E.D.N.Y. Apr. 19, 2016) ("Effective December 1, 2015, Rule 4(m) requires service within 90 days that the complaint is filed. However, because the amendment is not retroactive, the former 120-day rule controls here."), *with Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 335 n. 2 (5th Cir.2004) ("Our jurisprudence requires that the " 'amended Rules [and, specifically, amendments to Rule 4], ... be given retroactive application to the maximum extent possible ... unless their application [in the case at hand] would work injustice.' " ") (quoting *Burt v. Ware*, 14 F.3d 256, 258–59 (5th Cir.1994)) (alterations in original), *and*

*Salkey v. Garrett*, No. CV–92–0948, 1993 WL 547461, at *5 (E.D.N.Y. Dec. 23, 1993) (acknowledging the above doctrine and finding retroactive application of the 1993 amendment to Fed. R. Civ. P. 4 would further the interests of justice because "any other result would avoid consideration of the merits of plaintiff's claims and since defendant alleges no prejudice"). Though resulting in the converse consequence as that in *Salkey* regarding retroactive application, a parallel consequence is reached regarding working justice by applying the former 120-day limit here. Plaintiff has a greater chance of receiving consideration of the merits of his claim and Defendants have not suffered significant prejudice. (*See* Part II. D. of this Decision and Order).

tember for a response to a January letter. The Court fails to see how the anticipation of one Defendant's response to a letter sent in January 2015 and making arrangements to serve within 120 days after filing the complaint in September 2015 share any logical connection, much less show good cause. In any case, even if Plaintiff had made a persuasive argument, Moving Defendants correctly state that the Court cannot consider the letter as it is unsworn and not authenticated in Plaintiff's attorney's affidavit. (Dkt. 11). *See GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F.Supp.2d 320, 335 (N.D.N.Y. 2013) ("[T]he letter ... is not in admissible evidentiary form because the letter has not been properly authenticated through testimony or an affidavit from its author."); *see also Lachira v. Sutton*, No. 3:05cv1585, 2007 WL 1346913, at *4 (D.Conn. May 7, 2016) (striking unauthenticated letters from the record).

▮ Second, Plaintiff argues that a "simple communication error by the process servers prevented timely service," presumably in an effort to show diligence and circumstances outside of Plaintiff's control. (Dkt. 11-1 at 2). Plaintiff makes no attempt to explain this communication error in his brief, relying instead on two attached *unsigned, unsworn* affidavits of the process servers. (Dkt. 11-9; Dkt. 11-10). Moving Defendants are correct to say that such affidavits may not be considered by the Court because they are not in an admissible form. They are neither sworn affidavits nor unsworn declarations or statements made under penalty of perjury. *See* 28 U.S.C. § 1746; *see, e.g., Grant v. Cornell Univ.*, 87 F.Supp.2d 153, 161 (N.D.N.Y.2000) ("[An] unsworn and unsigned affidavit ... is not in admissible form, and of no evidentiary value."); *United States v. Maldonado–Rivera*, 922 F.2d 934, 972 (2d Cir.1990) (noting that the lower court properly "declined to credit ... 'declaration[s]' because they were not

sworn or even signed"); *Flanagan v. Stone Commercial Spraying Co., Inc.*, No. CV 05–4527(ADS)(AKT), 2012 WL 4364506, at *3 (E.D.N.Y. July 20, 2012) ("[B]ecause the Affidaivit [sic] is not sworn to or signed under penalty of perjury, the Court cannot accept it."); *Sam Jin World Trading, Inc., v. M/V Cap San Nicolas*, No. 09 Civ. 3997, 2010 WL 2670847, at *3 (S.D.N.Y. July 2, 2010) ("The affirmation ... is unsworn and not submitted under penalty of perjury. ... Such affirmations are inadmissible.").

Therefore, Plaintiff has failed to show any diligent effort to effect service in satisfaction of the first factor. Thus, the Court need not reach whether Defendants were prejudiced to find that Plaintiff has unequivocally failed to show good cause.

### D. Extension of Service Deadline—Court's Discretion

▮ As a result, Plaintiff finds himself in a last-resort scenario in which the Court may, in its discretion, grant an extension of time to effect proper service despite no showing of good cause. *See* Fed R. Civ. P. 4(m) advisory committee's note to 1993 amendment (Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir.2007) ("We hold that district courts have discretion to grant extensions [to serve] even in the absence of good cause."). "Federal courts have generally held that, when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 33 (W.D.N.Y.1996). "[T]hough leniency may sometimes be appropriate for those who

have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *Id.* (alteration in original) (citation omitted).

The factors to be considered in deciding whether to grant this relief are "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Morris v. Ford Motor Co.*, No. 07–CV–424S, 2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009) (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)); *see* Fed. R. Civ. P. 4(m) advisory committee's notes to 1993 amendment.

Here, Plaintiff exceeds the threshold in at least making "the most basic efforts" to effect service such that a consideration of the above factors to determine if leniency should be granted is appropriate. *Cf. Mused*, 169 F.R.D. at 33–34 (noting there was no good faith attempt to make timely service where the plaintiff failed to serve the defendant for a year until the court issued an order to show cause).

▮ In this case, the statute of limitations ran on October 2, 2015. Thus, a dismissal without prejudice would nonetheless bar the action and effectively act as an adjudication on the merits. The first factor, accordingly, weighs heavily in favor of granting Plaintiff an extension of time. Next, there is no evidence that any of the Moving Defendants had actual notice of the claims asserted in the complaint before or within the period for service, but all, except Nancy Smith, have had actual notice since at least six days after the period for service ran. The Court does not consider a six-day delay to be significantly prejudicial. It is not as though Plaintiff is currently requesting an extension to serve having never made any attempt, nor is this the case where Moving Defendants, save Smith, are only now learning of the claims against them. The second factor, thus, also weighs in favor of Plaintiff. As to the third factor, Moving Defendants clearly did not, and Plaintiff concedes as much, attempt to conceal the defective service. (Dkt. 11-1 at 2). Defendants moved to dismiss based on the insufficient service of process within three weeks after receiving the defective service. The third factor weighs in favor of dismissal.

Finally, with regard to the fourth factor, Moving Defendants claim that Plaintiff's delays in filing the complaint nine months after signing it, just prior to the expiration of the statute of limitations, and the delay in serving the complaint more than 120 days after filing the complaint "have severely hindered the Defendants' ability to obtain critical evidence necessary to defend against Plaintiff's claims." (Dkt. 3-5 at 10). To support this, Moving Defendants cite to the fact that two key witnesses in defending against Plaintiff's action, Smith and Mary Ann Casamento, retired in 2012 and 2013, respectively, and that both will likely have a difficult time adducing meaningful testimony about an incident that occurred over three years ago. (Dkt. 3-5 at 10). The Court finds unpersuasive Moving Defendants' reliance on Plaintiff's nine-month, so-called delay in filing the complaint. Plaintiff filed the complaint within three years of the incident, which is clearly contemplated as a reasonable amount of time for such an action by the governing three-year statute of limitations. N.Y. C.P.L.R. 214(5); *see Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that the appropriate statute of limitations for a 42 U.S.C. § 1983 claim is that which the applicable

state applies to personal injury claims), *superseded by statute*, 28 U.S.C. § 1658, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) (holding that causes of action made possible by post-1990 enactments are governed by the federal "catchall" four-year statute of limitations, leaving the determination about the § 1983 statute of limitations in *Wilson* undisturbed). Plaintiff's filing toward the end of the applicable limitations period cannot be held against him. Likewise, Plaintiff's delay any number of days through the 120-day limit for service may not be held against him. Plaintiff's true delay in this case amounts to only the five to six days past the limit allowed for service. As Smith and Casamento both retired well within the statute of limitations, Plaintiff's five or six-day delay did not actually *cause* any prejudice. Further, because Moving Defendants, except for Smith, have been on notice of the claims since five or six days after the period for service ran, the Court determines that granting Plaintiff time now to serve the summonses absent the defects that plagued the originals would not prejudice Defendants.

Because Plaintiff's claim would otherwise be barred, because Defendants had reasonable actual notice of the claims against them, because Defendants were not prejudiced by Plaintiff's delay nor will they be unduly prejudiced by a grant of an extension, and "[b]ecause the Court believes that 'there is a reasonable prospect that [Plaintiff] ultimately will be able to serve [D]efendants properly," *Macaluso*, 115 F.R.D. at 19–20, the Court grants Plaintiff thirty (30) days from the date of this Order in which to effect proper service. The Court does not believe that Plaintiff should bear the harsh consequence of losing his right to be heard in a court of law simply because of the apparent shortcomings in his attorney's grasp of basic legal procedure. As discussed above,

while such deficiencies in legal representation are not sufficient to constitute good cause for the purposes of Federal Rule 4(m), the Court uses its discretion to avoid a result in which the client bears the sins of the attorney.

## III. Defendants' Motion to Dismiss as to Nancy Smith is Denied

Plaintiff cites to a non-existent exhibit purportedly showing that service was attempted on Smith three times and cites no law, case or otherwise, as to why the Court should allow service upon Smith "when she returns to the District." (Dkt. 11-1 at 5). Though the Court declines to permit an indefinite extension of time for service, as Plaintiff requests, the Court grants an additional thirty (30) days to serve Smith. Though the second factor in the above analysis weighs against Plaintiff in relation to Smith, the Court does not believe the prejudice of this additional extension from the initial deadline for service, where Smith retired approximately three and a half years ago (Dkt. 3-1 5), is significant enough to outweigh the gravity of denying Plaintiff his day in court. See *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir.1995) (expressing preference for resolution on the merits).

While not addressed by Plaintiff, Smith appears to be amenable to service under the New York State long arm statute. New York Civil Practice Law and Rules confers personal jurisdiction by acts of non-domiciliaries when such person "commits a tortious act within the state." N.Y. C.P.L.R. 302. According to the Supreme Court, claims brought pursuant to § 1983 sound in tort. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). Accordingly, it appears that Plain-

 

tiff may effectuate service despite Smith's absence from the state.[4]

## IV. The Court does not Reach whether the Board has Capacity to be Sued

As none of the captioned Defendants have yet been properly served, the Court lacks personal jurisdiction over them such that an adjudication on the capacity of the Board to be sued is inappropriate at this time. In the event that Plaintiff properly serves Defendants within the extension granted, this issue may be briefed more thoroughly by both parties. Moving Defendants' current argument on the issue is conclusory and the single case cited appears insufficient, in light of the thorough analysis conducted in a case on which Moving Defendants' case relies, *Cmty. Bd. 7 v. Schaffer*, 84 N.Y.2d 148, 615 N.Y.S.2d 644, 639 N.E.2d 1 (1994), among others, to conclusively determine whether the Board may be sued in this context. Plaintiff failed to address the issue at all.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss is denied and Plaintiff is granted thirty (30) days from the date of entry of this Order to effect proper service and file proof of such service with the Court. **If, within thirty (30) days from the date of entry of this Order, Plaintiff fails to properly serve any of Defendants and file proof of service, the Court will enter an Order dismissing Plaintiff's complaint as to that Defendant without prejudice.** *See, e.g., Jordan v. Forfeiture Support Assocs.*, 928 F.Supp.2d 588, 610 (E.D.N.Y.2013); *Dippell v. Cty. of Nassau, N.Y.*, No. 15–CV–

2548 (JMA) (GRB), 2016 WL 1267167, at *1–3 (E.D.N.Y. Mar. 31, 2016).

SO ORDERED.

---

4. The Court's reference to the long arm statute as it pertains to allowing Plaintiff additional time to effect service will not function as a bar to Smith's ability to pursue motion practice regarding that issue or otherwise raise a personal jurisdiction defense, if Plaintiff in fact serves her. In other words, the only issue before the Court is whether Plaintiff should be granted additional time to effect service, and the Court specifically is not making a determination on the merits as to the long arm statute's reach.