UNITED FOOD & COMMERCIAL WORKERS UNION, LOCALS 197, 373, 428, 588, 775, 839, 870, 1119, 1179 AND 1532, CHARTERED BY UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, Petitioners,

· v.

ALPHA BETA COMPANY, Respondent.

No. C–82–3083 SAW.

United States District Court,
N.D. California.

Nov. 15, 1982.

Thornton C. Bunch, Jr., Bunch & Andrews, San Francisco, Cal., for petitioners.

Patrick W. Jordan, Henry F. Telfeian, McLaughlin & Irvin, San Francisco, Cal., for respondent.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Ten union locals have filed a Petition to Compel Arbitration and Complaint for Specific Performance ("Petition and Complaint") pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. §§ 4 and 5, and 28 U.S.C. § 1337. The Petition and Complaint seeks to compel arbitration of a dispute between petitioners and the respondent employer under collective bargaining agreements that petitioners and respondent entered into in 1980. The agreements are effective until 1983. The dispute involves respondent's refusal to contribute to health and welfare and pension programs set up under those agreements on behalf of certain members of the petitioning locals. Subsequent to the execution of the collective bargaining agreements in 1980, these local members were transferred by respondent from their prior jobs to positions in respondent's food store in Pinole, California. Since 1981, respondent has made pension contributions on behalf of those employees transferred to the Pinole store to a fund set up pursuant to an agreement between respondent and the Independent Alpha Beta Workers Association ("IABWA"). The IABWA purports to represent the employees at the Pinole store. Respondent alleges the IABWA is the exclusive lawful representative of those employees.

Petitioners move for an Order Compelling Arbitration, for Summary Judgment, and for Attorneys' Fees. Respondent opposes this motion and moves, on various grounds, to dismiss the Petition and Complaint.

I. *Petitioners' Motion.*

A. *Re Order Compelling Arbitration*

Federal law favors private arbitration of labor disputes. *Gateway Coal Co. v. United Mine Workers of America,* 414 U.S.

368, 377, 94 S.Ct. 629, 636, 38 L.Ed.2d 583 (1974); *Brannon v. Warn Brothers,* 508 F.2d 115, 119 (9th Cir.1974). The Federal Arbitration Act, 9 U.S.C. § 4, upon which petitioners rely, provides that a court is to consider only two issues on a motion to compel arbitration. The court first must determine whether or not there is an agreement to arbitrate a particular dispute and, second, if it be found that there is such an agreement, whether or not it has been breached. *See Conticommodity Services, Inc. v. Philipp & Lion,* 613 F.2d 1222 (2d Cir.1980). The Supreme Court has stated that in cases, such as this, brought pursuant to 29 U.S.C. § 185, "the judicial inquiry ... must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance...." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). In *Steelworkers,* the Court added that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubt should be resolved in favor of coverage." *Id.* at 582–83, 80 S.Ct. at 1352–1353. Moreover, both the Supreme Court and this Circuit have held that the "most forceful evidence" is sufficient basis for a decision that a particular dispute should not go to arbitration. *Id.* at 585, 80 S.Ct. at 1354; *Association of Industrial Scientists v. Shell Development Co.,* 348 F.2d 385, 388 n. 3 (9th Cir.1965).

Section 18 of the collective bargaining agreements between some of the petitioners and respondent establishes as subject to arbitration "a dispute, difference of opinion between the parties, and grievances of employees involving or arising out of the meaning, interpretation, application or alleged violation of this Agreement, including the arbitrability of all such matters." Section XIX of the collective bargaining agreements between the remaining petitioners and respondent provides that "all claims, disputes, and grievances arising between

the parties during the term of this Agreement over the construction and application of this Agreement, or relating to working conditions arising out of this Agreement" are subject to arbitration. There are no exceptions to these provisions.

In addition, Section 1.13 of the agreements between some of the petitioners and respondent provides that transferred employees as to whom "contributions are made to the various trust funds shall continue to have contributions to the several trust funds made on their behalf in the same manner and in the same amount per hour as such contributions were made prior to their transfer." Section I. B of the agreements between the remaining petitioners and respondent contains an identical provision.

Petitioners and respondent disagree as to whether respondent must continue to make contributions on behalf of those employees transferred to the Pinole store under Sections 1.13 and I. B. This disagreement amounts to "a dispute ... [or] difference of opinion between the parties" under Section 18 of some of the agreements and is "a dispute ... arising between the parties ... over the construction and application of this Agreement" under Section XIX of the remaining agreements between petitioners and respondent. The agreements, then, call for arbitration of the dispute between petitioners and respondent. It is clear that respondent has refused to arbitrate. Consequently, the Court should grant the motion for an order compelling arbitration.

### B. *Re Summary Judgment*

As just noted, a court must consider only two issues on a motion to compel arbitration: Whether there is an agreement to arbitrate the particular dispute and whether one party has refused to arbitrate. The relevant provisions of the agreement between petitioners and respondent, respondent's patent refusal to arbitrate, and the pertinent legal authorities show that there is no unresolved genuine issue of material fact and that petitioners are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Moreover, contrary to respondent's contentions, petitioners' motion for summary judgment was timely made. Fed.R. Civ.P. 56(a) requires that twenty days elapse after the commencement of the action before a motion for summary judgment may be filed. Fed.R.Civ.P. 3 establishes that the filing of the complaint commences an action. The Petition and Complaint herein was filed on June 16, 1982. Forty-nine days later, on August 6, 1982, petitioners filed their motion for summary judgment in compliance with Rule 56(a).

### C. *Re Attorneys' Fees*

American law generally requires each litigant to bear the costs of his own attorneys' fees. However, this Court possesses the discretion to award attorneys' fees where a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Aleyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

■ Respondent has not exhibited the sort of behavior that might warrant an award of attorneys' fees against it. Its opposition to petitioners' Motion for an Order Compelling Arbitration and for Summary Judgment and its own Motion to Dismiss the Petition and Complaint have raised legitimate issues. Petitioners have provided little beyond conclusory allegations and mainly inapposite authorities to support their claims that respondent acted in bad faith and without justification.

### II. *Respondent's Motion to Dismiss Petitioners' Petition and Complaint.*

### A. *Re Applicable Standard*

■ Respondent brings its motion to dismiss pursuant to Fed.R.Civ.P. 12(b). Since the Court has been presented with and considered materials outside the pleadings, the motion is treated as one for summary judgment under Rule 56(c). Thus, to gain summary judgment, respondent must show that no material issue of fact exists and that it is entitled to judgment as a matter of law as to its various claims on the motion.

### B. Re Sufficiency of Process and This Court's Personal Jurisdiction

Fed.R.Civ.P. 4(b) requires that a summons state the "time within which these rules require the defendant to appear and defend." Rule 12(a) provides that a defendant shall have twenty days within which to answer a complaint. Respondent claims that Rules 4(b) and 12(a) indicate that the Summons petitioners served on respondents on August 31, 1982, was inadequate, because the Summons called for an answer within ten days. Respondent further asserts that this inadequate service of process invalidates this Court's personal jurisdiction over it.

Respondent's claims are meritless. Rule 4 should be liberally and flexibly construed. *See* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1083 (1969). The primary function of Rule 4 is to provide notice of the commencement of an action. *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 (D.C.Cir.1980). A summons "specifying an incorrect time for the submission of an answer normally should be deemed cured by defendant's responding to it and filing an answer." 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1088 (1969). *See also A.C. Samford, Inc. v. United States*, 226 F.Supp. 72 (M.D.Ga.1963). Although it has not formally answered, respondent has effectively responded to petitioners' Summons and Petition and Complaint. Respondent has opposed petitioners' Motion to Compel Arbitration and for Summary Judgment in some detail. It has moved for dismissal on a number of grounds. Respondent clearly has had sufficient notice of petitioners' claims and has suffered no perceptible prejudice. In short, petitioners' error as to answering time in the Summons served on respondent was technical and insufficient to invalidate service of process on, or this Court's personal jurisdiction over, respondent.

### C. Re Transferred Pinole Employees and IABWA as Indispensable Parties

Respondent alleges that this action should be dismissed because petitioners have failed to join as defendants the employees transferred to respondent's Pinole store and the IABWA. Respondent claims that both are parties needed for a just adjudication pursuant to Fed.R.Civ.P. 19(a) which provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Respondent's claim is unfounded. This Court can render complete relief to the parties before it; as to petitioners, by compelling arbitration and granting summary judgment or, as to respondents, by dismissing the Petition and Complaint. And even assuming that the transferred employees and/or the IABWA have an interest in the subject of the action pursuant to Rule 19(a)(2), neither can establish that their absence from the instant litigation will have any practical effect on their ability to protect their interests or on the risk of subjecting respondent to inconsistent obligations.

The sole issues before this Court are as to the existence of an agreement to arbitrate the dispute over respondent's non-payment of premiums on behalf of the transferred employees and as to respondent's alleged refusal to arbitrate. The transferred employees were not parties to the agreements before the Court. Neither was the IABWA. The transferred employees were not privy to the negotiations relating to the agreements before the Court. Nor was the IABWA. Therefore, neither can shed light on the sole issues in this case. Their pres-

ence or absence has no relevance to those issues. And their presence or absence can have no effect upon whether respondent will be subject to "double, multiple or otherwise inconsistent obligations...." Granting respondent's request for dismissal of this action until petitioners join the transferred employees and the IABWA would amount to no more than a postponement of the same decision that this Court can make at this time.

Accordingly,

IT IS HEREBY ORDERED that petitioners' Motion For an Order Compelling Arbitration and for Summary Judgment is granted.

IT IS FURTHER HEREBY ORDERED that petitioners' Motion for Attorneys' Fees is denied.

IT IS FURTHER HEREBY ORDERED that respondent's Motion to Dismiss the Petition and Complaint herein is denied.