| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII | | |
| EDGARDO SEDA ARROYO<br><br>APELANTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Y OTROS<br><br>APELADOS | KLAN202500432 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Número: GM2024CV00724<br><br><br>Sobre: MANDAMUS |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Juez Díaz Rivera y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece el Sr. Edgardo Seda Arroyo (señor Seda Arroyo o apelante), quien actualmente se encuentra bajo custodia del Departamento de Corrección y Rehabilitación, mediante un recurso de apelación solicitando la revisión de la *Sentencia* emitida el 13 de marzo de 2025 y notificada al siguiente día por el Tribunal de Primera Instancia, Sala Superior de Guayma. Mediante el referido dictamen, el foro primario desestimó la acción en contra del Departamento de Corrección y Rehabilitación (DCR o apelada) al amparo de la Regla 4.3 de Procedimiento Civil de Puerto Rico.

Por los fundamentos que expondremos a continuación, se *confirma* la Sentencia apelada.

I.

El 1 de enero de 2024, el señor Seda Arroyo presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del DCR. En esencia, solicitó la aplicación de la Ley

---

[1] Conforme la DJ2024-062C del 6 de mayo de 2025, mediante la cual se asignó la integración de la juez Glorianne M. Lotti Rodríguez al Panel XII.

Núm. 66 de 19 de julio de 2022, y sostuvo que su sentencia es de veinte (20) años. Señaló que para el 24 de abril de 2024 habrá cumplido catorce (14) años de reclusión y que, hasta el presente, no se le han concedido las bonificaciones correspondientes.

El 16 de mayo de 2024, la División de Remedios Administrativos emitió respuesta. Indicó que "[l]a Ley #66: Es para otorgar bonificaciones a las personas que han salido por la Junta Bajo Palabra y han trabajado afuera y su social hace la gestión para poder conseguir evidencia de la misma".

Inconforme, el 20 de junio de 2024 el señor Seda Arroyo instó una *Solicitud de Reconsideración*. Posteriormente, la División de Remedios Administrativos emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*. En la referida respuesta, denegó la petición de reconsideración y expresó lo siguiente: "dicha ley va dirigida a los liberados. O sea, a las personas que se están beneficiando de libertad bajo palabra. Usted no cualifica para la aplicación de dicha ley".

Aún insatisfecho, el 20 de septiembre de 2024, el señor Seda Arroyo presentó, por derecho propio, una *Demanda* de *Mandamus* contra el Departamento de Corrección y Rehabilitación y el Gobierno de Puerto Rico, a través del Departamento de Justicia. Alegó que, por conducto de los Técnicos de Récord Criminal, solicitó al DCR la aplicación de bonificaciones por buena conducta a su sentencia, conforme a lo dispuesto en la Ley Núm. 66-2022. Señaló que la Agencia denegó su petición y ha agotado los recursos disponibles, conforme al Reglamento Núm. 8583 de 4 de mayo de 2015 y a la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38 de 30 de junio de 2017, según enmendada. Solicitó que el foro primario le conceda una vista, con el fin de "establecer sus continuas reclamaciones al Departamento de Corrección y Rehabilitación ya

que por medio de los recursos que. . .ha agotado, la misma no ha concedido las bonificaciones".

El 17 de octubre de 2024 se expidieron los emplazamientos dirigidos a la parte apelada. Posteriormente, el 27 de noviembre de 2024, se registraron los emplazamientos con diligenciamiento positivo para el Departamento de Corrección y Rehabilitación y el Estado Libre Asociado de Puerto Rico, ambos con fecha del 7 de noviembre de 2024.

Más adelante, el 23 de diciembre de 2024, se enmendó la *Demanda* a los fines de cumplir con el requisito de petición jurada del recurso de *Mandamus*.

Luego de varios trámites procesales, el 1 de marzo de 2025 el señor Seda Arroyo presentó una *Moción de Anotación de Rebeldía.* Sostuvo que el Gobierno de Puerto Rico tenía hasta el 21 de febrero de 2025 para comparecer; no obstante, ha dejado transcurrir dicho término sin expresar posición, a pesar de haber contado con tiempo suficiente para hacerlo.

El 13 de marzo de 2025, el Tribunal de Primera Instancia dictó *Sentencia* mediante la cual desestimó la acción por haber deficiencias en los emplazamientos conforme a la Regla 4.3, *supra.* Razonó que, "a simple vista se puede constatar que en el encasillado donde se coloca el término para contestar la Demanda aparece en blanco". Indicó que dicha omisión constituye un defecto insubsanable que lesiona el debido proceso de ley.

El 26 de marzo de 2025, el señor Seda Arroyo presentó una *Moción de Reconsideración.* Alegó, entre otros asuntos, que en este caso el Gobierno de Puerto Rico no sufriría perjuicio sustancial a raíz de la enmienda, ya que dispone del término legal para comparecer y contestar. Adujo que, en cambio, quien se vería afectado en sus derechos sería él, al continuar sin recibir remedio solicitado.

Ese mismo día, pero notificada el 27 de marzo de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* declarando No Ha Lugar la referida *Moción*. Mediante dicho dictamen, el foro primario concluyó que "[e]l caso *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021) hace referencia a la fecha de expedición del Emplazamiento por Edicto y no al término para contestar la Demanda, como el caso de autos".

Inconforme con dicha determinación, el 13 de mayo de 2025 la parte apelante acudió ante nos mediante el presente recurso de apelación. En el mismo, planteó el siguiente señalamiento de error:

**Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda en vez de ordenar la expedición de nuevos emplazamientos; según lo resuelto en *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).**

El 15 de mayo de 2025, el señor Seda Arroyo presentó una moción *Informativa*. Expresó que notificó el recurso de epígrafe tanto al Procurador General de Puerto Rico como al Tribunal de Primera Instancia.

El 12 de junio de de 2025, el Gobierno de Puerto Rico a través de la Oficina del Procurador General de Puerto Rico presentó una *Comparecencia Especial*. Sostuvo que, para que el Tribunal pueda ejercer jurisdicción sobre una instrumentalidad del Estado, "el emplazamiento se diligencia con entrega de copia de este y de la demanda *al jefe ejecutivo de la instrumentalidad concernida y a la Secretaria de Justicia*". Adujo que, en este caso, no consta emplazamiento alguno diligenciado al jefe ejecutivo del Departamento de Corrección y Rehabilitación o su designado, por lo que el foro *a quo* no adquirió jurisdicción sobre la parte apelada. Solicitó que se releve al Estado de comparecer en el presente caso.

El 17 de junio de 2025, emitimos una *Resolución* declarando Ha Lugar el escrito del Procurador General y eximiendo la comparecencia de la parte apelada en el presente recurso.

Contando con la comparecencia de una sola parte, el Derecho y la jurisprudencia aplicables, procedemos a resolver.

II.

A.

El emplazamiento es el medio procesal mediante el cual se le notifica a la parte demandada sobre la presentación de una reclamación instada en su contra. *Rivera Marrero* v. *Santiago Martínez,* 203 DPR 462, 480 (2019); *Rivera* v. *Jaume,* 157 DPR 562, 575 (2002). Dicha notificación es esencial para que el tribunal pueda adquirir jurisdicción sobre la persona demandada, quedando esta sujeta al dictamen que en su día recaiga. *Rivera Marrero v. Santiago Martínez, supra*; *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Márquez v. Barreto,* 143 DPR 137, 142 (1997). Así pues, en nuestro ordenamiento jurídico existe una política pública que exige el emplazamiento y la notificación adecuada de la parte demandada, con el propósito de prevenir el fraude y asegurar el cumplimiento con el debido proceso de ley. *Rivera Marrero* v. *Santiago Martínez, supra*; *First Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901, 916 (2005).

En este sentido, la Regla 4.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, dispone que la parte demandante debe presentar el formulario de emplazamiento conjuntamente con la demanda, a fin de que el Secretario lo expida de forma inmediata. El emplazamiento deberá contener la siguiente información:

> El emplazamiento deberá ser firmado por el Secretario o Secretaria, llevará el nombre y el sello del tribunal, con especificación de la sala, y los nombres de las partes, sujeto a lo dispuesto en la Regla 8.1 de este apéndice. Se dirigirá a la parte demandada y hará constar el nombre, la dirección postal y el número de

teléfono, el número de fax, la dirección electrónica y el número del abogado o abogada ante el Tribunal Supremo de Puerto Rico de la parte demandante, si tiene, o de ésta si no tiene abogado o abogada, y el plazo dentro del cual estas reglas exigen que comparezca la parte demandada al tribunal, apercibiéndole que de así no hacerlo podrá dictarse sentencia en rebeldía en su contra concediéndole el remedio solicitado en la demanda o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente. 32 LPRA Ap. V., R. 4.2.

A su vez, la Regla 4.4 de Procedimiento Civil, *supra*, regula lo concerniente al emplazamiento personal. En lo concerniente, dispone que:

El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
.      .       .       .       .       .       .       .
(g) A un funcionario o una funcionaria, o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o dicha funcionaria, o al jefe ejecutivo o jefa ejecutiva de dicha dependencia. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario funcionaria o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o la Secretaria de Justicia o a la persona que designe. 32 LPRA Ap. V., R. 4.4.

De otro lado, la Regla 4.8 de Procedimiento Civil, *supra*, establece que:

En cualquier momento, a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento. 32 LPRA Ap. V., R. 4.8.

A tenor, en *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021), el Tribunal Supremo de Puerto Rico determinó que, el foro primario tiene discreción para

ordenar la enmienda de un emplazamiento pasado el término de 120 días para emplazar conforme a nuestras Reglas de Procedimiento Civil, *supra*, siempre que el diligenciamiento del emplazamiento original se haya realizado dentro de dicho plazo. Es decir, que, para permitir la enmienda de un emplazamiento, lo esencial es que la parte a quien va dirigido haya sido realmente notificada de la reclamación en su contra y haya respondido a la misma. *Id.* pág. 1013. En este sentido, nuestro más alto foro evaluó y destacó lo resuelto en un caso federal, según el cual "[u]n error en cuanto a la omisión de poner en el emplazamiento el término de respuesta para contestar la demanda, al ser un error técnico, es insuficiente para invalidar la notificación del emplazamiento al demandado". *Id.* (citando a *United Food & Commmercial Wkrs. Union v. Alpha Beta*, 550 F. Supp. 1251, 1255 (N.D. Cal. 1982); 4A *Wright and Miller, Federal Practice and Procedure 4th* Sec. 1088 (2020)). Por tanto, las enmiendas que permite la Regla 4.8 de Procedimiento Civil, *supra*, son aquellas destinadas a subsanar errores técnicos. *Id.* pág. 1011.

Sumado a ello, la Regla 10.1 de Procedimiento Civil, *supra*, dispone que cuando el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, --excepto las corporaciones públicas--, sean parte de un pleito, deberán notificar su contestación a la demanda, su contestación a una demanda contra coparte en su contra o su réplica a una reconvención, dentro de un término improrrogable de sesenta (60) días a partir de la entrega de copia del emplazamiento y la demanda.

## B.

El auto de *mandamus* constituye un recurso de carácter altamente privilegiado. Este se dirige a una persona natural, corporación o a un tribunal de inferior jerarquía, con el fin de requerirle el cumplimiento de algún acto que esté dentro de sus atribuciones o deberes. Art. 649 del Código de Enjuiciamiento Civil,

32 LPRA sec. 3421; *Aponte Rosario v. Presidente Comisión Estatal de Elecciones*, 205 DPR 407, 427-429 (2020); *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, pág. 263-264 (2010); *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443, 454 (2006); *Báez Galib y otros v. C.E.E. II*, 152 DPR 382, 391-392 (2000). Dicho recurso no otorga autoridad adicional, y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Art. 649 del Código de Enjuiciamiento Civil, *supra*.

En particular, **el *mandamus* procede únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley"**. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Aponte Rosario v. Presidente Comisión Estatal de Elecciones*, *supra*, pág. 428. En otras palabras, **el propósito del auto no es sustituir los remedios legales existentes, "sino suplir a falta de ellos. Por ejemplo, cuando el peticionario tiene a su disposición el recurso de apelación no procede el *mandamus*"**. R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 853. (citando a *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982); *Espina v. Calderón, Juez Superior*, 75 DPR 76 (1953); *Peña v. Flores de Ordoñez*, 58 DPR 772 (1941)).

Asimismo, el acto requerido debe constituir un deber ministerial, es decir, uno que no conlleve el ejercicio de discreción por parte de la autoridad requerida. *Báez Galib y otros v. C.E.E. II*, *supra*, págs. 403-404. Veáse D. Rivé Rivera, *Recursos Extraordinarios*, 2da ed., San Juan, Ed. U.I.A., 1996, pág. 107. Así pues, "el requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Es decir, **'la ley no sólo debe autorizar, sino exigir la acción requerida'"**. *AMPR v. Srio. Educación, E.L.A.*, *supra*, págs. 263-264. Por ello, la persona

perjudicada por la falta de cumplimiento de dicho deber está facultada para solicitar el recurso. *Id.*

C.

El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015, se emite conforme a las normas establecidas en la Ley de Procedimiento Administrativo Uniforme, el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011 --que establece las facultades del Departamento de Corrección y Rehabilitación--, y los acuerdos de transacción del caso *Morales Feliciano v. Fortuño Burset* USDC-PR civil núm. 79-4 (PJB-LM), y la "Prison Rape Elimination ACT" (Ley PERA 2003, 42 U.S.C. § 15601 *et seq.* En ese marco, se estableció la División de Remedios Administrativos con el propósito de atender las quejas o agravios que pudieran tener los confinados en contra del DCR o sus funcionarios, respecto a cualquier asunto. Esta División constituye un organismo administrativo, cuyo fin es permitir que los confinados presenten una "solicitud de remedio" en su lugar de origen, salvo que exista justa causa que impida su radicación en dicho lugar.

Acorde con lo esbozado, el Reglamento Núm. 8583, *supra*, establece en la Regla XIV, inciso (4), lo relacionado a la revisión de Respuesta de Reconsideración de Remedios Administrativos. Dispone:

> El coordinador una vez recibida la Solicitud de Reconsideración por parte del Evaluador, tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración.
>
> **Si se denegara de plano o el miembro de la población correccional no recibe respuesta de su solicitud de reconsideración en el término de quince (15) días, <u>podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones.</u> Este término comenzará a correr nuevamente desde el recibo de la**

**notificación de negativa o desde que expiren los quince (15) días, según sea el caso.**

Si acoge la solicitud de reconsideración, el Coordinador tendrá treinta (30) días laborales para emitir Resolución de Reconsideración. Este término comenzará a transcurrir desde la fecha en que se emitió la respuesta de reconsideración al miembro de la población correccional. (Énfasis suplido).

III.

En síntesis, el señor Seda Arroyo arguye que erró el foro primario al desestimar la *Demanda* en lugar de ordenar la expedición de nuevos emplazamientos conforme a lo resuelto en *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc., supra.* Veamos.

Como relacionamos previamente, el 20 de junio de 2024, el señor Seda Arroyo presentó una *Solicitud de Reconsideración,* la cual fue **denegada** por la División de Remedios Administrativos. Posteriormente, aún insatisfecho, el 20 de septiembre de 2024 el señor Seda Arroyo presentó una *Demanda* de *Mandamus* contra el DCR y el Gobierno de Puerto Rico. Luego de varios trámites procesales, el 13 de marzo de 2025, el foro primario dictó *Sentencia* desestimando la acción por haber deficiencias en los emplazamientos al amparo de la Regla 4.3, *supra.*

No obstante, conforme al derecho aplicable, es forzoso señalar, en primer lugar, que el auto de *mandamus* es altamente privilegiado, que solo procede cuando el peticionario no tiene un recurso adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código de Enjuiciamiento Civil, *supra.* En este sentido, en aquellos casos en que el peticionario tiene a su disposición el recurso de apelación, no procede acudir al *mandamus* como remedio extraordinario. R. Hernández Colón, *Derecho Procesal Civil, supra.* En segundo lugar, el *Reglamento para atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la*

*Población Correccional, supra,* establece expresamente que, **si la solicitud de reconsideración es denegada de plano dentro del término de quince (15) días, el miembro de la población correccional podrá recurrir en revisión judicial ante este foro apelativo.**

En consecuencia, correspondía que el señor Seda Arroyo acudiera ante este Tribunal mediante Revisión Judicial de la denegatoria de su *Solicitud de Reconsideración,* dentro del término establecido. De ahí que, no es mediante el recurso de *mandamus* que deben evaluarse los méritos de la decisión adoptada por la Agencia.

A la luz de lo anterior, procede confirmar la *Sentencia* apelada, toda vez que la desestimación de la *Demanda* fue correcta, no por deficiencias en los emplazamientos, sino porque el señor Seda Arroyo contaba con un remedio procesal adecuado y eficaz conforme al curso ordinario de la ley.

IV.

Por los fundamentos antes expuestos, se *confirma* la Sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones